IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
          v.                      :     CRIMINAL NO. 1:13-CR-265
                                  :
DANNY L. ROBERTSON,               :
          Defendant               :

PRE TRIAL ORDER

In order to eliminate unnecessary motions for discovery in this case, to
eliminate delays in the presentation of evidence and the examination of witnesses, to
expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974, and to set a
time for the making of pretrial motions in accordance with Federal Rule of Criminal
Procedure 12,

NOW, THEREFORE, IT IS ORDERED THAT:

1.  Trial.  The trial will commence with the drawing of a jury on Monday,
January 13, 2014, at 9:30 a.m., Court Room No. 1, Ninth Floor, Federal Building, Third
and Walnut Streets, Harrisburg, Pa.

2.  Conference.  Within ten (10) days after the date of this order, the
United States Attorney or one of his assistants and the attorney for the defendant shall
meet in the United States Attorney's office in Harrisburg, Pennsylvania, and the
government shall at that conference:

(a)  Permit the attorney for the defendant to inspect and
copy or photocopy any relevant written or recorded
statements or confessions made by the defendant or
copies thereof within the possession, custody, or control
of the government, the existence of which is known, or
may become known to the attorney for the government;

(b)  Permit the attorney for the defendant to inspect and copy or photocopy any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known or may become known to the attorney for the government;

(c)  Permit the attorney for the defendant to inspect and copy or photograph any recorded testimony of the defendant before a grand jury;

(d)  Permit the attorney for the defendant to inspect and copy, photocopy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government;

(e)  Permit the attorney for the defendant to inspect and copy or photocopy the defendant's prior criminal record in the possession of the attorney for the government;

(f)  Permit the attorney for the defendant to inspect, copy or photocopy any exculpatory evidence within the purview of Brady v. Maryland;

(g)  If there are multiple defendants named in the indictment, and if the government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the government shall make a copy of that statement or confession available to counsel for the non-declarant defendant along with a proposal for its redaction to conform with the requirements of Bruton v. United States.  If the government makes no such disclosure and turnover, the confession may not be received at a joint trial of the declarant and non-declarant defendants.  If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, he will be deemed to have acceded to the admission of the redacted statement into evidence.

3. <u>Disclosure Declined</u>.

(a)  If, in the judgment of the United States Attorney it would be detrimental to the interests of justice to make any of the disclosures set forth in ¶ 2, disclosure may be declined, and defense counsel advised in writing of the declination on or before the date of the conference between counsel.

(b)  If the defendant seeks to challenge the declination he may move the court for relief in the following manner:

1)  No later than seven (7) days after the conference between counsel, the defendant shall file a motion for discovery or inspection;

2)  The motion shall set forth (i) a statement showing the date and time that the prescribed conference between counsel was held; (ii) the name of the Assistant United States Attorney with whom the conference was held; (iii) all matters which were agreed upon; and (iiii) the matters which are in dispute and which require the court's determination.

4. <u>Continuing Duty</u>.  Any duty of disclosure and discovery set forth herein is a continuing one and the United States Attorney shall produce any additional information gained by the government within ten (10) days after receipt thereof, subject, however, to the provisions of the paragraph relating to declination of disclosure.  The defendant may move to challenge the declination with respect to such additional matters within seven (7) days after the government declines to disclose the same.

5. <u>Exhibits</u>.  The government shall pre-mark all exhibits which it intends to introduce as part of its direct case and shall permit the attorney for the defendant to inspect and copy these exhibits not later than ten (10) days prior to the commencement of the trial.  A set of such pre-marked documentary exhibits with an exhibit list in duplicate should be turned over to the deputy clerk before or at the outset of trial.  The exhibit list shall be in the form attached.  The defendant's exhibits shall also be pre-

marked but need not be disclosed until actually used at trial.  The government shall also pre-mark all Jencks Act materials so that no trial delay is encountered when they are turned over to defendant's counsel.

6.  Authenticity of Exhibits.  The authenticity of all exhibits examined by defense counsel pursuant to the provisions of ¶ 5 of this order will be deemed to have been accepted by the defendant unless defense counsel files with the court at least five (5) days prior to the date of the drawing of the jury, or if the case is to be tried by the court, five (5) days prior to the date the first jury is drawn for another case on the same trial list,

(a)  A notice that the authenticity of the particular exhibit or exhibits will be contested by the defendant at the trial,

(b)  A statement delineating why the authenticity of each particular exhibit is being challenged,

(c)  A certificate that the challenge to authenticity is being made in good faith.

7.  Chain of Possession.  When defense counsel has examined an exhibit pursuant to this order, the chain of possession of the exhibit will be deemed to have been accepted by the defendant unless defense counsel files with the court at the time set forth in the previous paragraph relating to notice of challenge of authenticity of exhibits,

(a)  A notice that the chain of possession of the exhibit will be contested by the defendant at trial,

(b)  A certification that the challenge to the chain of possession is being made in good faith.

8. <u>Scientific Analysis</u>.  When the government has disclosed to defense counsel at the conference set forth in ¶ 2 the scientific analysis of an exhibit proposed to be introduced at the trial by the government which has been determined by an expert in the field of science involved, the scientific analysis of the exhibit will be deemed admissible in evidence unless defense counsel files with the court at the time set forth in ¶ 6 relating to notice of challenge of authenticity of exhibits a notice that the scientific analysis of the exhibit will be contested.

9. <u>Pretrial Motions</u>.  Except as otherwise provided in this order, all pretrial motions enumerated in Federal Rule of Criminal Procedure 12 shall be made within ten (10) days of the date of the arraignment.  All such motions must be in writing and accompanied by a legal brief in support of the motion.  Requests for juror voir dire shall be submitted at least three days prior to jury selection, limited to ten in number.


<u> /s/ William W. Caldwell </u>
William W. Caldwell
United States District Judge

Date:   November 22, 2013

# EXHIBIT  LIST

JUDGE_____                              CASE NUMBER_____

| Plaintiff | Defendant | Description of Item | Identified | Evidence | Ruling | Witness | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |