## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:CR-13-265 |
| | : | |
| v. | : | (JUDGE CALDWELL) |
| | : | |
| DANNY L. ROBERTSON, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to Count I of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 1343,(wire fraud). The maximum penalty for that offense is imprisonment for a period of 20 years, a fine of $250,000.00, a maximum term of supervised release of 5 years to be determined by the court, which shall be served at the conclusion or and

in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in that count. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge(s) to which the defendant pleads guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2

2.    <u>Term of Supervised Release</u>.  The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.    <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

3

## B. Fines and Assessments

4.   <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.   <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.   <u>Inmate Financial Responsibility Program</u>. If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to

4

voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    Special Assessment.  The defendant understands that the court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8.    Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation

Office as directed and to the sharing of financial information

between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

9.    <u>Determination of Sentencing Guidelines.</u>    The defendant

and counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987, and its

amendments, as interpreted by *United States v. Booker*, 543 U.S. 220

(2005), will apply to the offense or offenses to which the defendant is

pleading guilty.  The defendant further agrees that any legal and

factual issues relating to the application of the Federal Sentencing

Guidelines to the defendant's conduct, including facts to support any

specific offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums provided for

by law, will be determined by the court after briefing, a pre-sentence

hearing, and/or a sentencing hearing.

7

10.    <u>Acceptance of Responsibility – Two Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two-level reduction shall not be a basis to void this Plea Agreement.

**D. Sentencing Recommendation**

11.    <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

8

### E. Cooperation by the Defendant

12.  _Full Cooperation._ The defendant agrees to cooperate fully with the United States.  The defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement.  Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement.  Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant.  This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter.  The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States.  The United States agrees that any statements made by

9

the defendant during the cooperation phase of this Agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the court that the defendant has breached this Agreement.  However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the Agreement.  Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant.  The defendant waives and agrees to waive any rights under the Speedy Trial Act, and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the court will have the benefit of all relevant information.

13.  <u>Substantial Assistance</u>.  The defendant has agreed to cooperate with the United States.  Upon completion of the cooperation,

10

if the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) or Section 5K1.1 of the United States Sentencing Guidelines and has fully complied with the terms of this Agreement, the United States may request the court to depart below any applicable mandatory minimum range only, any guideline range only, or both, when fixing a sentence for the defendant. The United States specifically reserves the right to make a specific recommendation of a term of months to the court. However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, or commits any other offense or violates any condition of pre-trial release while awaiting plea or sentencing, or if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the imprisonment range otherwise called for by the Sentencing Guidelines in this case.

14.   <u>Polygraph Examination</u>.  The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by an examiner selected by the United States.

15.   <u>Admissibility of Polygraph Results</u>.  The parties agree that at any court hearings held to determine whether the defendant has breached this Agreement, the polygraph results and the examiner's conclusions and opinions shall be admissible.  The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

16.   <u>Waiver Allowing Admission of Plea Discussions and Cooperation</u>.  In the event that the defendant does not plead guilty, the plea is not accepted by the court, or the plea is withdrawn, the defendant hereby waives any protection afforded by § 1B1.8(a) of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence and that any statements, interviews, or testimony given by the defendant as part of any efforts to cooperate with the government, including any "proffer" or "off-the-record" statements made by the defendant made in connection

with negotiations resulting in this Plea Agreement will be admissible against the defendant without limitation in any civil or criminal proceeding

17. <u>Further Prosecution for Perjury, False Statements</u>.  Nothing in this Agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Sections 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Sections 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this Agreement.  Should the defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

13

## F.  Victims' Rights and Restitution

18.  <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a)  The right to be reasonably protected from the accused;

(b)  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

(c)  The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding;

(d)  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's

14

comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)     The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

15

## G.  Information Provided to Court and Probation Office

19.   <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

20.   <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive

differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

21.   Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the

17

court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

22.   <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H.  Court Not Bound by Plea Agreement

23.   <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $250,000.00, a maximum term of supervised release of up to 5 years, which shall be

served at the conclusion of an in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

24.    <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

I.    **Breach of Plea Agreement by Defendant**

25.    <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be

19

required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

26.   <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a)  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)   The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)   Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d)   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to

20

raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

27.    <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the

21

government will be permitted to bring any additional charges which it may have against the defendant.

## J.    Transfer of Information to IRS

28.    <u>Transfer of Case to IRS</u>.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

29.    <u>Collection Action by IRS</u>.  Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

30.    <u>Rule 6(e) Order for Transfer of Information to IRS</u>.  The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the

United States Attorney or the Criminal Investigation Division of the
Internal Revenue Service.

31.   <u>Cooperation with IRS</u>.  The defendant agrees to fully comply
and cooperate with the Internal Revenue Service by filing all delinquent
or amended tax returns by the date of the defendant's sentencing, and
to timely file al future returns which may come due during the term of
incarceration, probation or supervised release.  The defendant also
agrees to cooperate with the Internal Revenue Service by furnishing the
Internal Revenue Service with all information pertaining to the
defendant's assets and liabilities, as well as all documentation in
support of tax returns filed by the defendant during the term of any
sentence imposed pursuant to this guilty plea.  The defendant further
agrees to pay all taxes, interests and penalties due and owing to the
United States and otherwise fully comply with the tax laws of the
United States.  The defendant understands, and agrees, that this
requirement of full compliance with federal tax laws may be made a
condition of any probation or supervised release imposed in this case.

**K.   Other Provisions**

32.     <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

33.     <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

34.     <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of

the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

35.    <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

36.  <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or ~~before 5:00~~

~~p.m., April 7, 2014, oth~~erwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

37. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

6/25/2014
Date

_____
DANNY L. ROBERTSON
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

6/25/14
Date

_____
ANNE GINGRICH CORNICK
Counsel for Defendant

26

PETER J. SMITH
UNITED STATES ATTORNEY

7-7-14

Date

BY:

WILLIAM A. BEHE
ASSISTANT U.S. ATTORNEY